# 13-1244-CV

*To Be Argued By:*
James M. Sconzo, Esq.

**IN THE**

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

_____

**STATE OF CONNECTICUT COMMISSIONER OF LABOR,**
*Plaintiff-Appellant*

v.

**CHUBB GROUP OF INSURANCE COMPANIES,**
**DIVISION OF FEDERAL INSURANCE COMPANY,**
*Defendant-Appellee*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
(Hon. Alvin W. Thompson)

_____

### BRIEF FOR DEFENDANT-APPELLEE

_____

James M. Sconzo, Esq.
Jonathan C. Sterling, Esq.
Jorden Burt LLP
175 Powder Forest Drive
Suite 301
Simsbury, CT 06141-0120
Tel: (860) 392-5000
Fax: (860) 392-5058
E-mail: jms@jordenusa.com

## <u>CORPORATE DISCLOSURE STATEMENT</u>

The defendant-appellee, Chubb & Son, a Division of Federal Insurance Company, which is an Indiana Company, hereby certifies that: (1) Federal Insurance Company is 100% owned by The Chubb Corporation, which is a publically held New Jersey Corporation traded on the New York Stock Exchange under the symbol CB; and (2) there are no publicly held corporations that own 10% or more of The Chubb Corporation's stock.

# TABLE OF CONTENTS

**PAGE**

CORPORATE DISCLOSURE STATEMENT ........................................................i

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUES...............................................................2

STATEMENT OF THE CASE..................................................................3

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...............................3

SUMMARY OF THE ARGUMENT ........................................................7

STANDARD OF REVIEW ....................................................................8

ARGUMENT .....................................................................................9

I.      PLAINTIFF'S ARGUMENTS WERE NOT RAISED BEFORE THE
DISTRICT COURT..................................................................9

II.     THE BONUS WAS DISCRETIONARY AND IS THEREFORE NOT
"WAGES."..............................................................................11

III.   THE BONUS WAS NOT ATTRIBUTABLE TO MR. MCMAHON'S
ASCERTAINABLE EFFORTS AND THEREFORE IS NOT
A WAGE. ...............................................................................20

IV.   THE FORFEITURE PROVISION IS ENFORCEABLE. ...........................22

V.    THE MOTION FOR RECONSIDERATION WAS PROPERLY
DENIED. ...............................................................................24

CONCLUSION ................................................................................26

CERTIFICATION OF COMPLIANCE ..................................................27

# TABLE OF AUTHORITIES

## Federal Cases

*Allianz Ins. Co. v. Lerner*, 416 F.3d 109 (2d Cir. 2005)...........................................10

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)..............8

*Association Resources, Inc. v. Wall*, 298 Conn. 145, 2 A.3d 873 (2010) ........ 14, 21

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,
    167 L.Ed.2d 929 (2007)...............................................................................8

*Coalition On West Valley Nuclear Wastes v. Chu*, 592 F.3d 306
    (2d Cir. 2009) .............................................................................................10

*County of Suffolk, New York v. First American Real Estate Solutions*,
    261 F.3d 179 (2d Cir. 2001) ........................................................................9

*Ebbesmeyer v. Red Line Med. Supply, Inc.*, No. CV 94-054008-S
    (FAC), 15 Conn. L. Rptr. 466, 1995 Conn. Super. LEXIS 3264 (Conn.
    Super. Nov. 20, 1995)................................................................................23

*Leecan v. Lopes*, 893 F.2d 1434 (2d Cir. 1990)....................................................9

*Leecan v. Lopez,* 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990)...............9

*Leibowitz v. Cornell Univ.*, 445 F.3d 586 (2d Cir. 2006) ........................................8

*Norton v. Sam's Club*, 145 F.3d 114 (2d Cir. 1998)...............................................10

*Rionda v. HSBC Bank U.S.A., N.A.*, No. 10-20654-CIV, 2010 WL 5476725
    (S.D.Fla. Dec. 30, 2010)............................................................................24

*Shrader v. CSX Transportation, Inc.*, 70 F.3d 255 (2d Cir. 1995) ...........................9

*Space Hunters, Inc. v. U.S.*, 500 Fed.Appx. 76 (2d Cir. 2012) ................................9

*Tolbert v. Queens College*, 242 F.3d 58 (2d Cir. 2001) ..........................................25

## TABLE OF AUTHORITIES
### (continued)

*Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220,
    715 N.Y.S.2d 366, 738 N.E.2d 770 (2000) ...................................... 11, 16, 21, 24

*United States v. Zannino*, 895 F.2d 1 (1st Cir. 1990) ............................................25

## State Cases

*Binder v. Windmill Management, LLC*, No. FSTX08CV106004435S,
    2013 WL 593936 (Conn. Super. Jan. 17, 2013)....................................................21

*Commissioner of Labor v. Fireman's Fund Insurance*, No. CV084038312S,
    2010 WL 1052210 (Conn. Super. Feb. 18, 2010) ........................................ 12, 16

*Issler v. Issler*, 250 Conn. 226, 737 A.2d 383 (1999)...............................................18

*Levine v. Massey*, 232 Conn. 272, 654 A.2d 737 (1995)........................................18

*Murtha v. Hartford*, 303 Conn. 1, 35 A.3d 177 (2011) ..........................................18

*Mytych v. May Dep't Stores Co.*, 260 Conn. 152, 793 A.2d 1068 (2002)...............23

*Russell v. Lornamead, Inc.*, No. FSTCV106004491, 2011 WL 1567000
    (Conn. Super. Apr. 6, 2011) ................................................................................15

*Schachter v. Citigroup, Inc.*, 218 P.3d 262 (Cal. 2009) .........................................23

*Sgro v. World Wrestling Ent., Inc.*, No. CV106003367S, 2010 WL 5610880
    (Conn. Super. Dec. 16, 2010) ..............................................................................15

*Weems v. Citigroup, Inc.*, 289 Conn. 769, 961 A.2d 349 (2008) .............. 11, 16, 23

*Wooters v. People's Bank*, No. CV044001723, 2007 WL 587027
    (Conn. Super. Feb. 7, 2007) ........................................................................ 20, 23

*Ziotas v. The Reardon Law Firm*, 296 Conn. 579, 997 A.2d 453 (2010) ........ 13, 17

## TABLE OF AUTHORITIES
### (continued)

**Federal Statutes**

26 USC § 162 ............................................................................................4

28 U.S.C. § 1331 ......................................................................................1

28 U.S.C. § 1332 ......................................................................................1


**State Statutes**

Conn. Gen. Stat. § 31-69a .........................................................................6

Conn. Gen. Stat. § 31-71 ................................................................ 1, 6, 11-16

Conn. Gen. Stat. § 31-72 ............................................................ 3, 6, 14, 16, 23, 24

N.Y. Lab. Law § 190(1) .............................................................................16

# **JURISDICTIONAL STATEMENT**

This Court lacks jurisdiction because plaintiff-appellant, State of Connecticut Commissioner of Labor[1] ("Plaintiff"), has re-assigned all rights in the claim to a third party and therefore lacks standing to bring this appeal. Defendant-appellee, Chubb & Son, a Division of Federal Insurance Company ("Chubb"), has filed a motion to dismiss the appeal on that basis.

The Jurisdictional Statement set forth by Plaintiff is incorrect in two other respects. First, jurisdiction was conferred on the district court pursuant to 28 U.S.C. § 1332, and not 28 U.S.C. § 1331. Second, Plaintiff's Complaint does not cite Conn. Gen. Stat. §§ 31-71b, 31-71c, 31-71e, or 31-71f, and therefore the Complaint was not brought "in accordance with" these provisions.

---

[1] The current Commissioner is Sharon Palmer, so female pronouns are used to refer to the Commissioner throughout this brief.

## <u>STATEMENT OF THE ISSUES</u>

1.      Whether the district court properly dismissed the First Count of Plaintiff's Complaint, finding that the bonus at issue was discretionary and therefore not a wage.


2.      Whether the alternate grounds existed for the district court to dismiss the First Count of the Complaint.


3.      Whether the district court properly denied Plaintiff's motion for reconsideration of its dismissal.

## STATEMENT OF THE CASE

Plaintiff commenced this action against Chubb in the Connecticut Superior Court, Judicial District of Hartford, with a Complaint bearing a Return Date of June 21, 2011.  (Joint Appendix [hereinafter "A-_"], A-10.)  On June 22, 2011, Chubb removed the case to the United States District Court for the District of Connecticut.  Plaintiff asserted in the First Count a claim for unpaid wages pursuant to Conn. Gen. Stat. § 31-72, based on Chubb's alleged denial of a former employee's bonus.  Plaintiff also asserted common law claims of unjust enrichment, "common law unpaid wages," and quantum meruit, seeking payment of the bonus.  On September 15, 2011, Chubb moved to dismiss the Complaint, and, on August 15, 2012, the Court[2] granted the Motion to Dismiss.  On August 23, 2012, Plaintiff moved for reconsideration, which was denied on March 6, 2013.  On April 4, 2013, Plaintiff filed a Notice of Appeal.  On appeal, Plaintiff challenges only the dismissal of the § 31-72 claim.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that Chubb failed to pay its former employee, Sean McMahon, incentive wages under The Chubb Corporation Annual Incentive Compensation Plan 2006 (the "Plan," A-42, *et seq*.) for his performance during the year 2008.  (A-15, ¶ 22; A-17, ¶ 26.)  Bonus payments under the Plan are left

---

[2] All rulings in this case were issued by the Honorable Alvin W. Thompson, U.S.D.J.

3

entirely to the discretion of Chubb.[3]  The Plan states that "[n]o employee or other person shall have any claim or right to be granted an Award under the Plan."  (A-46 (Plan Section 10(b)).)  The Plan further provides that bonus "[a]wards under the Plan for any Fiscal Year **may** be granted to those Employees who shall be selected by the Committee after consideration of management's recommendations." (Emphasis added) (A-45 (Plan Section 4).)  The "Committee" is defined under the Plan as "Organization & Compensation Committee of the Board of Directors or such other committee of the Board of Directors as the Board of Directors shall from time to time designate to administer the Plan."  (A-43 (Plan Section 2).)  The Committee's procedure for payment of bonuses is established as follows:

> As soon as administratively practicable after the completion of a Fiscal Year (but in no case later than March 31st of the calendar year immediately following the completion of the Fiscal Year), the Committee shall certify the achievement of the Performance Goals with respect to the Covered Employees and approve Award payments to Participants based upon the achievement of the Performance Goals and upon management's assessment of the Participant's individual performance during the Fiscal Year.

---

[3] Section 11 of the Plan contains a narrow exception to this discretion for the four employees treated as "Covered Employees" for purposes of Section 162(m) of the Internal Revenue Code.  *See* 26 USC § 162.  Section 11 states "if any provision of the Plan would cause the Awards granted to a Covered Employee to fail to qualify for the "performance-based compensation" exception under Section 162(m) of the Code, that provision, ***insofar as it pertains to the Covered Employee***, shall be severed from, and shall be deemed not to be a part of this Plan, but the other provisions hereof shall remain in full force and effect. (*See* A-46, Plan Section 11 (emphasis added).)  In its order dismissing the case, the district court noted that Section 11 does not affect the application of the Plan to Mr. McMahon, and Plaintiff has not raised any argument to the contrary on appeal. (*See* A-32 – A-35.)

(A-45 (Plan Section 6).)  The Committee retains complete discretion to establish both the amount of, and the entitlement to, bonuses payable under the Plan.  (*See* A-45 (Plan Section 5, stating that the Committee has discretion to "reduce or eliminate any Award under the Plan.").)  The Committee also has complete discretion to determine the nature of the "Performance Goals," the attainment of which may trigger bonuses.  (*See* Plan, A-44 (Section 2 (defining "Performance Goals" to include, among other measures, "any other performance criteria established by the Committee.")).)  Section 3 further provides: "The Committee shall have sole and complete authority and discretion to adopt, alter and repeal such administrative rules, guidelines and practices governing the operation of the Plan as it shall from time to time deem advisable, and to interpret the terms and provisions of the Plan."  (A-44.)  Moreover, the Board of Directors of The Chubb Corporation retains the right to "amend, suspend, or terminate any or all provisions of the Plan at any time. . . ."  (A-47 (Plan Section 12).)

Plaintiff alleges that Mr. McMahon's employment with Chubb ended on or about February 26, 2009.  (A-14, ¶ 14.)  Section 6 of the Plan provides that "Participants must be employed by an Employer as of the Award payment date or will forfeit the Award. . . ."  Plaintiff claims that "[a]fter McMahon had earned his 2008 Incentive Bonus Wage but before that wage became payable, McMahon was terminated and he was denied his earned 2008 Incentive Bonus Wage under the

Forfeiture Provision." (A-19, ¶ 34.) Plaintiff alleges that this forfeiture provision is unenforceable for a variety of reasons. (A-16, ¶ 25.) In the First Count of the Complaint, Plaintiff asserted a claim for unpaid wages pursuant to Conn. Gen. Stat. § 31-72. The Second, Fourth and Fifth Counts asserted common law claims seeking recovery of these alleged wages, based on theories of unjust enrichment, "common law unpaid wages," and quantum meruit, respectively. The Third Count sought civil penalties pursuant to Conn. Gen. Stat. § 31-69a.

On September 15, 2011, Chubb moved to dismiss the Complaint. With respect to the First Count, Chubb argued, based on recent Connecticut Supreme Court precedent, that the bonus at issue was discretionary and not traceable to the individual efforts of Mr. McMahon, and thus not "wages" under Conn. Gen. Stat. § 31-71a. (Docket Entry # 23, pp. 5-10.) Chubb also argued that, even if the bonus at issue could somehow be considered "wages," Plaintiff's claim would still fail because Mr. McMahon was not employed when the bonus was to be paid and thus did not qualify for the bonus under the express terms of the Plan. *Id*. at 10-12. Chubb argued that, because the First Count failed, the Third Count alleging statutory penalties based on the First Count failed as well. *Id.* at 12. With respect to Counts Two, Four and Five, Chubb argued that Plaintiff lacked authority to assert those common law claims, and that those claims failed as matters of law. *Id.* at 12-17. In its August 15, 2012 order, the district court dismissed the First Count,

finding that bonuses under the Plan are not "wages," as they are discretionary as to whether they are awarded and, if awarded, are discretionary as to the amount to be awarded. (A-32.) The district court also dismissed the common law counts, finding that Plaintiff lacks the authority to assert them. (A-35 - A-37.)

On August 23, 2012, Plaintiff moved for reconsideration, relying, for the first time, on regulations and caselaw developed under the Fair Labor Standards Act ("FLSA"), and arguing that State wage and hour laws should be liberally construed. (Docket Entry 51-1.) In subsequent briefing on the motion, Plaintiff argued, for the first time, that a "controlling" bankruptcy case supported her claims and that Chubb waived its discretion under the Plan and/or created an implied bonus wage agreement. (*See* Docket Entries 55, 58.) On March 6, 2013, the district court denied the motion for reconsideration, finding that the dismissal had been proper, and it was inappropriate to simply re-hash already-considered arguments or make new ones for the first time in a motion for reconsideration. (A-38-41.) The instant appeal followed.

## SUMMARY OF THE ARGUMENT

On appeal, the Plaintiff contends that the district court was mistaken in concluding that bonuses under the Plan are discretionary and therefore not "wages" under State law. As set forth below, the district court properly dismissed the case under well-established Connecticut Supreme Court precedent because the Plan

7

unambiguously vests discretion in the Committee to determine the entitlement to and amount of bonuses.  Plaintiff's arguments to the contrary were not asserted below and run counter to the plain language of the Plan.

Even if the bonus was not discretionary, there are two alternative grounds for affirming the dismissal.  First, the bonus was not directly attributable to Mr. McMahon's ascertainable efforts and therefore cannot be considered a "wage." Second, the Plan's forfeiture provision, which required him to be employed on the bonus payment date, disqualified him from receiving any bonus, even if that bonus could somehow be considered a "wage."

## STANDARD OF REVIEW

A district court's decision granting a motion to dismiss is subject to de novo review.  *See Leibowitz v. Cornell Univ.*, 445 F.3d 586, 590 (2d Cir. 2006).  As a matter of substance, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

This Court may "affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied."

8

*Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir.), cert. denied, 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990).

This Court has "expressed 'grave doubts' whether … a motion [for reconsideration] is appealable." *County of Suffolk, New York v. First American Real Estate Solutions*, 261 F.3d 179, 186 (2d Cir. 2001) (quoting *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 256 n. 1 (2d Cir. 1995)).  When it has reviewed denials of motions for reconsideration, it has applied an abuse of discretion standard, without deciding reviewability.  *See, e.g., Space Hunters, Inc. v. U.S.*, 500 Fed.Appx. 76, 81 (2d Cir. 2012).

## ARGUMENT

## I.    PLAINTIFF'S ARGUMENTS WERE NOT RAISED BEFORE THE DISTRICT COURT.

Plaintiff's primary arguments on appeal are that: 1) certain language in Sections 6 and 12 of the Plan creates a question as to whether the Plan unambiguously vests in the Committee discretion for deciding bonuses; and 2) because Chubb calculated the amount of Mr. McMahon's bonus prior to his termination, it became "vested" and thus a "wage."

In opposing Chubb's Motion to Dismiss, Plaintiff primarily argued that the district court lacked subject matter jurisdiction over the case.  (*See* Docket Entry # 26, pp. 9-17.)    Plaintiff also argued, in conclusory fashion, that the Plan automatically awards bonuses to any employee achieving a "clearly exceeds"

rating. *Id*. at 18. Neither of these arguments have been pursued on appeal. Plaintiff's tertiary and alternative argument, again made in a completely undeveloped and conclusory manner, was that the Plan was somehow ambiguous. *Id*. at 10-12. The remainder of Plaintiff's arguments against dismissal were not raised on appeal. *Id*. at 19-31. Sections 6 and 12 of the Plan were never mentioned as a basis of ambiguity in this brief or in her briefing in support of her Motion for Reconsideration. Indeed, Plaintiff never specified any Plan language she claimed created ambiguity. Nor did Plaintiff brief her "vested upon calculation" argument. Because Plaintiff failed to make these arguments below in any meaningful way, she is precluded from now asserting them. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."); *Coalition on West Valley Nuclear Wastes v. Chu*, 592 F.3d 306, 314 (2d Cir. 2009) ("We find that Appellant's two-sentence legal analysis in their opening brief is insufficient to preserve this issue for appellate review."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

## II.    THE BONUS WAS DISCRETIONARY AND IS THEREFORE NOT "WAGES."

Conn. Gen. Stat. § 31-71a(3) defines the term "wages," as used in Sections 31-71a to 31-71i, inclusive, as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation."    As the district court recognized, three recent Connecticut Supreme Court cases construing this definition have made clear that the bonus at issue in this case cannot be considered a "wage" under 31-71a because it was discretionary.

In *Weems v. Citigroup, Inc.*, 289 Conn. 769, 961 A.2d 349 (2008), the Connecticut Supreme Court held that bonuses awarded on a discretionary basis do not constitute wages.  *Weems* involved a class of former employees who claimed that the forfeiture provisions of three different capital accumulation plans violated Connecticut wage statutes because the provisions "enable the defendants to withhold accrued wages, including bonuses, from their employees."  *Id.* at 772. Applying the rationale articulated by the New York Court of Appeals in *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 225, 715 N.Y.S.2d 366, 738 N.E.2d 770 (2000), the court found that the bonuses did not qualify as wages "because they were not linked to ascertainable work performed by an individual, but rather were discretionary and tied to the performance and profitability of the defendants' firms."  *Id.* at 778.  Indeed, the bonuses at issue were not wages under

11

Section 31-71a because the bonus awards were "tied to subjective factors such as diversity within a branch, and the profitability of the particular branches, which are factors not entirely predictable or within the control of the specific employee." *Id*. at 782. Thus:

> Within the context of the entire opinion, *Weems* appears to hold that an employee who seeks to recover a bonus under the wage statutes must prove that the bonus meets two criteria. First, the bonus cannot be a wage if its award is solely within the employer's discretion. In other words, the employee must have some right to the bonus that restricts the employer from unilaterally withholding it. Second, the bonus must be linked solely to the employee's performance or efforts and not linked to other factors unrelated to the particular employee's performance.

*Commissioner of Labor v. Fireman's Fund Insurance*, No. CV084038312S, 2010 WL 1052210, at *5 (Conn. Super. Feb. 18, 2010).

In *Fireman's Fund*, the Connecticut Superior Court applied *Weems* and entered summary judgment against the Plaintiff, squarely rejecting Plaintiff's arguments that discretionary bonuses are wages. That case involved a claim by a former Claims Director that he was entitled to bonuses under two plans, despite leaving his job prior to the bonus payment date. Under the bonus plans at issue, the employer retained "sole discretion regarding whether to award the bonuses." *Id*. at *6. Thus, even though the bonuses at issue were "tied to the employee's performance," they were found not to constitute "wages" under Section 31-71a. *Id*.

In June 2010, the Connecticut Supreme Court decided *Ziotas v. The Reardon Law Firm*, 296 Conn. 579, 997 A.2d 453 (2010), which re-affirmed its holding in *Weems* and further clarified that a bonus does not constitute wages, even where its payment "was contractually required and only the amount of the bonus was discretionary." *Id*. at 588-89. *Ziotas* involved a claim by an attorney that his former employer had violated the wage statutes by failing to pay him his annual bonus, customarily paid in December, after he left the employ of the law firm in October, 1998. The amount of that bonus was entirely discretionary and "not calculated on the basis of any particular percentage of the [law firm's] income." *Id*. at 583. The court noted that *Weems* and the cases cited therein did not "address the situation in which the payment of a bonus was contractually required and only the amount of the bonus was discretionary." *Id*. at 588-89. The *Ziotas* court concluded that:

> such a bonus does not constitute wages under § 31-71a(3) ... [because] our reasoning in *Weems* also applies when an employee is contractually entitled to a bonus, but the amount is indeterminate and discretionary. We stated in that case that 'the wording of the statute, in expressly linking earnings to an employee's labor or services personally rendered, contemplates a more direct relationship between an employee's own performance and the compensation to which that employee is entitled. Discretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship, falls outside the protection of the statute.' ... Although an employee may have a justified expectation of additional compensation when the employer is contractually obligated to give a bonus to the employee and any contractual conditions, such as the employer's annual profitability, are met, the relationship between

13

performance and compensation is still attenuated if the amount of the bonus is discretionary and dependent on factors other than the employee's performance.

*Id*. at 589.

Following *Weems* and *Ziotas*, in order to establish that a bonus is a 'wage," an employee must show that: 1) neither the amount nor entitlement to a bonus is discretionary; and 2) the bonus is attributable to the ascertainable efforts of the particular employee.

In August 2010, the Connecticut Supreme Court issued yet another decision regarding what constitutes "wages" under Section 31-71a.  In *Association Resources, Inc. v. Wall*, 298 Conn. 145, 2 A.3d 873 (2010), the court evaluated a claim under Section 31-72 for a bonus that was:

> entirely nondiscretionary, both as to whether they would be awarded, and the amount thereof. Under the employment agreement, the defendant was contractually bound to pay the bonus to the plaintiff. Additionally, the amount of the bonus, which derived from the net profitability of the Digital Group after expenses, was nondiscretionary because it was subject to calculation by applying a contractually mandated, precise formula set forth in § 2.2(b) of the employment agreement.

*Id*. at 176.  The *Wall* court further found that the bonus was linked solely to the ascertainable efforts of the plaintiff "as a senior level, executive manager of one of the defendant's divisions, with the bonus tied directly to the success of that specific division. . . ."  *Id*. at 177-78.  *Wall* illustrates what a plaintiff must demonstrate -- lack of discretion as to payment of bonus and amount of bonus, as well as a direct

connection to the efforts of the employee -- in order to show that a bonus is a "wage" under Section 31-71a.  Following *Weems, Ziotas* and *Wall*, courts have dismissed unpaid wage claims where the bonus at issue was discretionary and/or not attributable to the ascertainable efforts of the particular employee.  *See, e.g., Russell v. Lornamead, Inc.*, No. FSTCV106004491, 2011 WL 1567000, at *5 (Conn. Super. Apr. 6, 2011) (granting summary judgment to employer on unpaid wage claim, citing *Weems*); *Sgro v. World Wrestling Ent., Inc.*, No. CV106003367S, 2010 WL 5610880 (Conn. Super. Dec. 16, 2010) (striking unpaid wage claim, citing *Weems* and *Ziotas*).

There is no question that the bonus here at issue is discretionary as to both entitlement and amount.  Under the Plan, the Committee has complete and unfettered discretion to determine whether a bonus is awarded to a particular employee, as well as the amount of that bonus.  The Plan makes clear that "[n]o employee or other person shall have any claim or right to be granted an Award under the Plan."  (A-46 (Plan Section 10(b).)  Indeed the Plan states that the Committee may "reduce or eliminate" a bonus if it wishes, and the Board of Directors may terminate the Plan at any time.  (*See* A-45 (Plan Section 5); A-47 (Plan Section 12).)  The Committee retains discretion to "at any time" change the Performance Goals upon which bonuses are based.  (A-45 (Plan Section 2).)  The Committee even retains discretion to pay a bonus if employee's employment is

terminated prior to the payment date.  (*See id*.)  The fact that such discretion is reserved under the Plan means that the bonus at issue is not a "wage," and therefore is dispositive of Plaintiff's claim under Section 31-72.  *See Fireman's Fund*, 2010 WL 1052210 at *5-6 (finding bonuses left to employer's discretion not to be wages).

    None of the cases cited by Plaintiff support her claim that even a discretionary bonus becomes a non-discretionary "vested" wage after it is calculated, but before it is paid, by the employer.  She cites *Weems* and *Ziotas* only to point out that they involved bonuses that were never calculated by the employer.  However, the date of calculation was not a factor in either of these decisions, and both would have been decided the same way regardless of the date of calculation.  Indeed, Plaintiff's argument is contrary to the logic underlying the entire *Weems* line of cases.  *Weems* was based largely on the New York Court of Appeals decision in *Truelove*, which examined a statute "similar to § 31-71a(3)."  *Weems*, 289 Conn. at 780; *see* N.Y. Lab. Law § 190(1).  Section 31-71a(3) defines "wages" as "compensation **for labor or services rendered** by an employee…."  (Emphasis added.)  The *Truelove* court reasoned that under New York's very similar definition, "[d]iscretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship, falls outside the protection of the statute."  95 N.Y.2d at 224.  Thus, the determinative factor was

16

whether the payment was compensation for labor rendered.  A bonus payment left to the discretion of the employer is not  "compensation for labor…rendered."  The date that a putative payment is calculated is irrelevant under this analysis; it was the discretionary character of the payments that informed the *Truelove* and *Weems* decisions.  Thus, whether Chubb calculated bonus payments at some point is a distinction without a difference because it retained discretion until the payments were actually made.  Plaintiff's argument is essentially that once the amount of the bonus was determined, Chubb had irrevocably committed to paying it.  However, in *Ziotas*, the court specifically rejected a claim that discretionary bonuses, even if contractually-required, qualify as wages.  296 Conn. at 592.

Plaintiff also argues that the following language in Section 6 of the Plan creates an ambiguity as to whether bonuses are discretionary: "the Committee shall...approve Award payments to Participants based upon the achievement of the Performance Goals and upon management's assessment of the Participant's individual performance during the Fiscal Year."  (Plaintiff's Brief, pp. 11-12.) Plaintiff argues:

> It appears that management recommends an employee for a bonus and the Committee then certifies that the employee indeed complied with the Performance Goals and approves the calculated award based on the manager's recommendation. Based upon the language in Section 6, the Committee merely confirms the process of those in management positions who calculated bonuses based on individual performances was done correctly.

*Id.* at 15.   The language relied on by Plaintiff does not create any ambiguity regarding the Plan's discretionary nature.   Section 6 simply sets a timeline for awarding bonuses, in the event Chubb chooses to award them.   Indeed, Section 6 contains no discussion of management recommending employees for bonuses as Plaintiff suggests.   Rather, the Committee approves bonuses based upon the Performance Goals that it chooses, and considers managers' assessments of the employee as part of that process.   (*See* A-45.)   The Committee retains the ability to reduce or eliminate bonuses or the criteria they are based upon.   (*See* A-3 (Plan Section 3); A-45 (Plan Section 5).)   There is no conflict between these provisions and all can be read together harmoniously.   *See Levine v. Massey*, 232 Conn. 272, 279, 654 A.2d 737 (1995) ("The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." (Internal quotation marks omitted.)); *Issler v. Issler*, 250 Conn. 226, 239-40, 737 A.2d 383 (1999) (noting each provision of agreement must be given effect; agreement not to be construed so as to render provisions superfluous).   Plaintiff makes the assertion that extrinsic evidence is needed to interpret the Plan, but without any ambiguity on the issue of the Committee's discretion, such evidence cannot be considered.   *See Murtha v. Hartford*, 303 Conn. 1, 7–8, 35 A.3d 177 (2011) ("If a contract is unambiguous within its four corners, the determination of what the parties intended by their contractual commitments is a question of law." (citation omitted; internal quotation

marks omitted).).   When read together, the Plan's provisions make clear that bonuses are discretionary.

Plaintiff also argues that Section 6's requirement that employees be employed as of the bonus payment date "makes little sense" when read in conjunction with other provisions.   (Plaintiff's Brief, p. 17.)   She argues that because the Committee is required to "certify the achievement of the Performance Goals and then approve the Award payment as soon as administratively practicable, there would be no reason to delay the Award payment."  *Id*.  This argument is irrelevant to whether or not the Plan affords discretion to the Committee.   Regardless, the forfeiture provision makes perfect sense considering that no employee has a right to a bonus and no bonus award is final until it is paid because it can be eliminated or reduced at any time prior to then.

Plaintiff further cites Section 12 of the Plan, which allows Chubb's Board of Directors to amend or terminate the Plan, provided no bonus previously granted to a Participant is adversely affected.   Again, this provision can and must be read harmoniously with the Plan's other provisions, including those affording the Committee discretion to reduce or eliminate a bonus at any time without the participant's consent.  Section 12 limits the Board's ability to alter the calculations of the Committee, but does not limit the ability of the Committee to reconsider its

bonuses.  Therefore, the bonus remains within the Committee's discretion and,

pursuant to the *Weems* line of cases, cannot be considered a "wage."

## III.    THE BONUS WAS NOT ATTRIBUTABLE TO MR. MCMAHON'S ASCERTAINABLE EFFORTS AND THEREFORE IS NOT A WAGE.

As set forth above, in order to be considered a wage, a bonus must not only

be non-discretionary, but must also be directly attributable to an individual

employee's ascertainable efforts.  Chubb has demonstrated that the bonus at issue

was not directly attributable to Mr. McMahon's ascertainable efforts.  Plaintiff did

not meaningfully argue this issue below, and the district court did not reach it in

deciding the Motion to Dismiss.  However, it provides an additional basis for

affirming the dismissal.

Bonuses under the Plan are calculated based upon any performance criteria

that the Committee sees fit to establish, which may include "Corporation,

Subsidiary, Affiliate, operating unit or division financial performance measures,"

such as "cash return on average equity," "stock price," and "combined loss and

expense ratio."  (A-44 (defining "Performance Goals").)  These criteria have no

direct relation to Mr. McMahon's performance.  Instead, they relate to broader

corporate performance.  Therefore, the type of bonus at issue here cannot be

considered "wages," and Plaintiff's claim is subject to dismissal on this basis.  *See,*

*e.g., Wooters v. People's Bank*, No. CV044001723, 2007 WL 587027, at *3 (Conn.

Super. Feb. 7, 2007) ("the IMIP account was based on a combination of the bank's

stock and U.S. credit card business and not on the plaintiff's personal efforts. The value of the IMIP depended on many factors and the efforts of many individuals, other than the plaintiff's personal efforts."); *Truelove*, 95 N.Y.2d at 224 (affirming summary judgment where bonus was based on employer's overall financial success).

Plaintiff argues that the Plan's performance goals, on which the bonus was to be based, "include references to the overall performance of a division or operating unit," and that "a similar scheme…was upheld in *Wall*." (Plaintiff's Brief, p. 13.)    *Wall* is readily distinguishable.   In *Wall*, the plaintiff was a "executive manager of one of the defendant's divisions," and his bonus was "tied directly to the success of that specific division."   *Wall*, 298 Conn. at 177-78.   In contrast, Mr. McMahon was a Senior Claim Examiner I, and is not alleged to have had any responsibility for managing any of Chubb's affiliates, subsidiaries, operating units, or divisions.   Therefore, Plaintiff's analogy fails.

Plaintiff also points to a discussion in *Binder v. Windmill Management, LLC*, No. FSTX08CV106004435S, 2013 WL 593936 (Conn. Super. Jan. 17, 2013), where the court noted that certain cases finding bonuses not to be wages "involved a factual pattern in which the employee may have had an expectation of additional compensation but the relationship between his performance and the additional compensation was too attenuated to be considered a wage." (Plaintiff's Brief, p.

21

10.)  *Binder* is readily distinguishable because the plaintiff in that case was a managing director who had, along with three others, joint responsibility for the company's affairs.[4]  Plaintiff provides no substantive arguments to suggest that Mr. McMahon's performance was closely related to the calculation of his bonus. Instead, she cites paragraphs 22 and 23 of the Complaint, which contain bald conclusory allegations that the Department of Labor's investigation found that Mr. McMahon had "earned" a bonus.  However, the text of the Plan makes clear that the relationship between the bonus and Mr. McMahon's performance is extremely attenuated and the bonus at issue cannot be considered a "wage" for this reason as well.

## IV.    THE FORFEITURE PROVISION IS ENFORCEABLE.

Even if the bonus at issue could somehow be considered a "wage," Plaintiff's claim would still fail because Mr. McMahon did not qualify for the bonus under the express terms of the Plan.  The district court did not reach this issue, but it provides alternative grounds for affirming the decision below.

The Plan requires that "Participants must be employed by an Employer as of the Award payment date or will forfeit the Award."  (Plan, Section 6.)  Mr.

---

[4] The *Binder* court also found that the payment at issue was non-discretionary, but the case can be easily distinguished on that point.  "[T]he agreement [at issue in *Binder*] set[ ] the guaranteed payment as $660,000. The allowance of a specific sum as a guaranteed payment provides a completely different factual basis than the cases which have determined the discretionary sums to be outside of the definition of wages."  *Id*. at *14.

McMahon was not employed by Chubb on the March 31, 2009 payment date, and he was therefore not eligible for the bonus. The Connecticut Supreme Court has been clear that "an employee's entitlement to a bonus is governed by the terms of the employer's bonus plan . . . ." *Weems*, 289 Conn. at 781, n13 (quoting *Truelove v.* 95 N.Y.2d at 225). Indeed, that court has "concluded . . . that our wage payment statutes expressly leave the timing of accrual to the determination of the wage agreement between the employer and employee." *Mytych v. May Dep't Stores Co.*, 260 Conn. 152, 164-65, 793 A.2d 1068 (2002).

Accordingly, courts in Connecticut and elsewhere, including the highest courts of New York and California, have upheld employers' requirements that employees be employed at the time a bonus is paid. *See, e.g., Wooters*, 2007 WL 587027, at *3 (denying wage claim under Section 31-72 and observing that "the plaintiff needed to be an employee of the bank on December 31, 2005, when the IMIP vested, and he was not an employee of the defendant on that date."); *Ebbesmeyer v. Red Line Med. Supply, Inc.*, Docket No. CV 94-054008-S (FAC), 15 Conn. L. Rptr. 466, 1995 Conn. Super. LEXIS 3264 (Conn. Super. Nov. 20, 1995) (upholding policy of not paying commissions unless salesperson remained for 45 days after the quarter in which the sale was made); *Schachter v. Citigroup, Inc.*, 218 P.3d 262, 270 (Cal. 2009) ("Only where an employee satisfies the condition(s) precedent to receiving incentive compensation, which often includes

remaining employed for a particular period of time, can that employee be said to have earned the incentive compensation . . . ."); *Truelove*, 95 N.Y.2d at 225 (2000) (considering statute similar to § 31-72 and determining that "the bonus plan explicitly predicated the continuation of bonus payments upon the recipient's continued employment status. Because plaintiff resigned shortly after he received his first quarterly payment, he was not entitled to receive the remaining three payments."); *Rionda v. HSBC Bank U.S.A., N.A.*, No. 10-20654-CIV, 2010 WL 5476725, at *9 (S.D.Fla. Dec. 30, 2010) (dismissing unpaid bonus claim, in part, based on fact that employer "had a written policy in place stating that an employee only could be eligible for a bonus if he was employed at the time that bonuses were awarded."). Mr. McMahon's employment terminated on February 26, 2009, and thus he did not meet the Plan requirement that he be employed as of the date of the payment of the Award. (A-14, ¶ 14; A-19, ¶ 34.) Because such a requirement was indisputably part of the Plan, is legitimate, and has been recognized by the courts as such, the dismissal should be upheld on this alternative ground as well.

## V.    THE MOTION FOR RECONSIDERATION WAS PROPERLY DENIED.

The district court correctly concluded that the bonus at issue was discretionary and the case was properly dismissed. It is clear that the district court did not abuse its discretion in denying Plaintiff's motion for reconsideration.

Plaintiff identifies the denial of her Motion for Reconsideration as an issue presented for review, but does not articulate any argument as to why the district court erred in deciding that motion.  Her claim fails for that reason alone.  *See Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted) (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990))).  Moreover, the district court's decision denying the motion for reconsideration was well-reasoned.  As noted in the decision, the standard for granting such motions is strict, and cannot be used to plug gaps in an original argument, raise new issues, or re-hash previously addressed arguments.  (*See* A-38 - A-39 and cases cited therein.)  This is exactly what Plaintiff attempted to do, by asserting new arguments regarding FLSA regulations and caselaw, relying on a bankruptcy case, and arguing a theory that Chubb waived its discretion under the Plan or created an implied bonus wage agreement.  In addition, Plaintiff rehashed her argument that State wage and hour laws should be liberally construed, which was already considered and rejected by the court.  For all these reasons, her motion was without basis and was properly denied.  Regardless, as comprehensively argued by Chubb in Docket Entries 54, 56 and 60, none of these arguments have any merit.  Tellingly, Plaintiff does not press

these arguments on appeal.  As such, the denial of the Motion for Reconsideration should be affirmed.

### **CONCLUSION**

For the foregoing reasons, Chubb respectfully requests that the Court affirm the district court's dismissal of the Complaint and its denial of Plaintiff's Motion for Reconsideration.

Dated:  June 27, 2013                               Respectfully submitted,


                                                    **DEFENDANT-APPELLEE**
                                                    **CHUBB & SON, A DIVISION OF**
                                                    **FEDERAL INSURANCE**
                                                    **COMPANY**


                                            By      /s/James M. Sconzo
                                                    James M. Sconzo
                                                    No. 92-782
                                                    Jonathan C. Sterling
                                                    No. 09-196561
                                                    **JORDEN BURT LLP**
                                                    175 Powder Forest Drive, Suite 301
                                                    Simsbury, CT  06070
                                                    Tel. No.: (860) 392-5000
                                                    Fax No.: (860) 392-5058
                                                    E-mail:      jms@jordenusa.com
                                                                 js@jordenusa.com

                                                    Its Attorneys

## **CERTIFICATION OF COMPLIANCE**

Pursuant to Fed. R. App. P.32 (a)(7)(C), it is hereby certified that the foregoing brief contains 5,973 words.

_____/s/James M. Sconzo_____
James M. Sconzo

## **CERTIFICATION**

This is to certify that on this 27th day of June, 2013, six copies of this Brief were filed with the Clerk of the U.S. Court of Appeals for the Second Circuit and two copies were caused to be mailed, postage prepaid, to:

Kevin S. Coyne, Esq.
Coyne, von Kuhn, Brady & Fries, LLC
999 Oronoque Lane
Stratford, CT 06614

_____/s/James M. Sconzo_____
James M. Sconzo
